UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN L. HARRIS,<br><br>  Plaintiff,<br><br>v.<br><br>KIMBERLEY KIDWELL,<br><br>  Defendant. | Case No. 1:25-cv-00202-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Steven L. Harris's Complaint because of Plaintiff's status as an inmate and in forma pauperis request.[1] A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

---

[1] This case was initially severed from another of Plaintiff's cases. *See* Dkt. 1 in this case; Dkt. 13 in *Harris v. Bevan*, No. 1:24-cv-00559-AKB (D. Idaho April 8, 2025). Accordingly, this case is proceeding only as to Plaintiff's custody-classification claims against Defendant Kidwell.

1. **Plaintiff's Motion for Disqualification**

As an initial matter, the Court must address Plaintiff's request that the undersigned judge disqualify herself. In his Motion for Judge Disqualification, Plaintiff incorrectly asserts that a party may require disqualification (or recusal) of a judge without a statement of grounds in support. Dkt. 7 at 1. Although the Idaho state courts have a procedural rule permitting a party one automatic disqualification without stating a supporting basis, the federal courts do not have a comparable rule.

Instead, 28 U.S.C. §§ 144[2] and 455[3] govern disqualification a federal judge. Plaintiff has not shown that either section—or any case interpreting those sections—applies in this case.

---

[2] Section 144 provides that a judge must recuse herself from a case "[w]henever a party to any proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[3] Section 455 provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

Plaintiff contends that the undersigned judge is a friend of Defendant and has attended "cookouts" and played golf with Defendant. Plaintiff is mistaken. I do not know and have never met Defendant Kimberly Kidwell. For this reasons, the Court concludes that the impartiality of the undersigned judge would not reasonably be questioned. Further, Plaintiff has not shown that the Court is biased or prejudiced. Accordingly, Plaintiff's motion for disqualification will be denied for lack of a viable legal theory and insufficient supporting evidence.

2.   **Review of Complaint**

   A.   *Standards of Law for Screening Complaints*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

---

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### B. *Factual Allegations*

Plaintiff is a prisoner in the custody of the Idaho Department of Correction. Plaintiff claims he was previously classified as minimum custody. When Plaintiff received legal mail that had been opened outside of his presence, he filed a prison grievance on that issue. Defendant Kidwell later transferred Plaintiff to medium custody. Plaintiff claims that Kidwell did so in retaliation for the grievance Plaintiff filed and that the change in classification deprived him of due process. *Am. Compl.*, Dkt. 2, at 12. Plaintiff cites the First, Fifth, Sixth, and Fourteenth Amendments. *Id.*

### C. *Discussion*

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight days to amend the Complaint. Any amended complaint should take into consideration the following.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

That is, prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

      i.      <u>First Amendment Claim</u>

The First Amendment includes the right to be free from retaliation for exercising constitutional rights. An inmate asserting a retaliation claim must show the following: "(1) . . . that a state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected conduct . . . that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) [that] the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

"[B]are allegations" of a retaliatory motive are insufficient to support a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). Rather, when analyzing a prison official's proffered reasons for allegedly retaliatory conduct, the Court must "afford appropriate deference and flexibility" to that official. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (internal quotation marks omitted).

Not every retaliatory act taken by an official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry asks whether the official's action "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). *See also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of federal courts embroiling themselves in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted).

A plaintiff asserting a retaliation claim under § 1983 also "must show a causal connection between a defendant's retaliatory animus and [the plaintiff's] subsequent injury." *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (*Bivens* action). Retaliatory motivation is not established simply by showing an adverse action by the defendant *after* protected speech. Instead, the plaintiff must show a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'"). Therefore, although the timing of an official's action can constitute circumstantial evidence of retaliation—if, for example, an adverse action was taken shortly after the official learned about an inmate's exercise of protected conduct—there generally must be something more than mere timing to support an inference of retaliatory intent. *Pratt*, 65 F.3d at 808.

The causal nexus requirement of a retaliation claim is a "but-for" causation test. If the adverse action would have been taken even without the inmate's exercise of protected conduct, the plaintiff cannot satisfy the causation element of the retaliation claim. *Hartman*, 547 U.S. at 260.

Finally, even if an inmate proves that his protected conduct was the but-for cause of an adverse action by a prison official, the inmate's retaliation claim fails so long as that action also reasonably advanced a legitimate penological interest. The state unquestionably has a legitimate interest in maintaining institutional order, safety, and security in its prisons, *Rizzo*, 778 F.2d at 532, and the "plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains," *Pratt*, 65 F.3d at 806.

Plaintiff contends Defendant Kidwell classified Plaintiff as medium custody in retaliation for Plaintiff filing a grievance. But nothing in the Complaint suggests that Kidwell even knew about the grievance, which involved other prison officials. *See Am. Compl*. at 12. Plaintiff's bare assertion of retaliatory intent, unaccompanied by any allegation suggesting a causal nexus between the filing of the grievance and his reclassification, is insufficient to state a plausible First Amendment claim.

### ii. Fourteenth Amendment Due Process Claim

Plaintiff contends Kidwell's reclassification of Plaintiff from minimum to medium custody constituted a violation of due process.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A person cannot obtain relief on a due process claim unless he demonstrates that he was deprived of one of these protected interests. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989). Because prisoners' liberty is necessarily circumscribed as a result of conviction, prisoners have a liberty interest in freedom from restraint only if a change occurs in confinement that imposes an "atypical and significant

hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

It is well-established that inmates have no liberty interest in being granted a particular custody classification, being held in a particular housing unit, or being housed in a particular prison. *See Meachum v. Fano*, 427 U.S. 215, 218 (1976) ("Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections . . . ."); *McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Taylor v. Gomez*, 182 F.3d 927 (9th Cir. 1999) (unpublished) ("[T]here is no constitutional right to a particular classification or custody level.") (citing *Sandin*, 515 U.S. at 486). Accordingly, Plaintiff has not stated a plausible due process claim against Defendant Kidwell.

      iii.      <u>Fifth Amendment Claim</u>

Plaintiff also cites the Fifth Amendment. That amendment guarantees (1) the right to a grand jury in federal criminal cases, (2) the right not to be subject to double jeopardy, (3) the right to be free from compelled self-incrimination, (4) the right to due process from the federal government, and (5) the right to compensation from the taking of private property for public use. *See* U.S. Const., amend. V. None of these rights appears to be implicated by the allegations in the Amended Complaint. Accordingly, any Fifth Amendment claim against Defendant is implausible.

      iv.      <u>Sixth Amendment Claim</u>

Finally, Plaintiff cites the Sixth Amendment. However, that amendment—which protects a criminal defendant's right to a speedy and public trial by an impartial jury, the right to confrontation and compulsory process, and the right to the assistance of counsel—also is not

implicated by the allegations in the Amended Complaint. Thus, Plaintiff's Sixth Amendment claim is implausible.

### 3. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson*, 588 F.2d at 743. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of a retaliation claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents.

Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion for Judge Disqualification (Dkt. 7) is **DENIED**.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

2. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has **twenty-eight days** within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[4]

3. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

4. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is **DENIED** without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 4, 2025

Amanda K. Brailsford
U.S. District Court Judge

---

[4] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).